UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:19-cv-00738-TLN-CKD |
|---|---|
| Plaintiff, | |
| v. | FINDINGS & RECOMMENDATIONS |
| APPROXIMATELY $7,500.00 IN U.S. CURRENCY, | |
| Defendant. | |

**I.      Introduction**

This case was referred to the undersigned pursuant to Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1). The United States of America ("Government") brings this in rem action seeking forfeiture, under 21 U.S.C. § 881(a)(6), of the defendant $7,500 ("defendant currency") as money furnished or intended to be furnished in exchange for a controlled substance. Pending before the court is the Government's motion for entry of default judgment (ECF No. 12), which was submitted without a hearing under Local Rule 540(d). No opposition has been received. Upon review of the motion, supporting documents, and good cause appearing, the court now issues the following findings and recommendations.

**II.     Background**

This case is proceeding on the verified complaint for forfeiture in rem ("complaint") filed April 29, 2019. (ECF No. 1.) The complaint makes the following factual allegations:

1

On or about April 11, 2018, the U.S. Postal Inspection Service seized the defendant currency. (Id. at ¶ 2.) The defendant currency is currently in the custody of the United States Marshals Service. (ECF No. 6.) Also on or about April 11, 2018, law enforcement conducted a postal interdiction operation during which time it identified a parcel that bore characteristics consistent with illegal drug trafficking, including a handwritten shipping label. (ECF No. 1 at ¶ 5.) The package was presented to a dog trained to detect the odor of narcotics. (Id. at ¶ 6.) The dog positively alerted to the presence of the odor of narcotics. (Id. at ¶ 6.) The package was identified as addressed to JR Miller at 3021 East Oro Dam Blvd., Oroville, California 95966 with a return address to Kurtis Miller at 272 Loblolly Circle, Midway, Florida 32343. (Id. at ¶ 5.)

On April 11, 2018, law enforcement contacted the sender, Kurtis Miller, who confirmed he sent the package and stated it contained $7,500 in cash for his son Kurtis Miller, Jr. to start a landscaping business. (Id. at ¶ 7.) Kurtis Miller consented to having law enforcement open the package to inspect its contents. (Id. at ¶ 7.)

Law enforcement opened the package and discovered an envelope containing a sealed yellow-padded envelope inside of which was a plastic bag with a candy box. (Id. at ¶ 8.) In the candy box was a stack of $7,500 in cash wrapped in cellophane plastic. (Id. at ¶ 8.)

Kurtis Miller, Jr. was contacted by law enforcement. (Id. at ¶ 9.) When asked about the package, Kurtis Miller, Jr. stated he was expecting a package from his brother, not his father, and did not know why a narcotics dog would alert on the package. (Id. at ¶ 9.) Kurtis Miller, Jr. did not know his father's address in Florida and did not know why his father would send cash instead of a check.

Kurtis Miller, Sr. has a drug-related history dating back to 2005 that includes conspiracy to distribute and to possess with intent to distribute cocaine base and cocaine, and possession and distribution of marijuana. (Id. at ¶¶ 10–11.)

The Government seized the $7,500 under 21 U.S.C. § 881(a)(6) as money furnished or intended to be furnished in exchange for a controlled substance. (Id. at ¶ 14.)

Pursuant to order of this court filed May 1, 2019, notice of this action was published on the official internet government forfeiture site <www.forfeiture.gov> and ran for at least thirty

consecutive days, as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions. (ECF Nos. 3 (Order for Publication) and 9 (Declaration of Publication).)

On May 1, 2019, copies of the complaint and related documents were sent by first-class and certified mail to Kurtis Miller, Jr. to his last known address in Oroville, California. (ECF No. 12-1 at ¶ 3, Ex. A.) The certified mail envelope was returned as unclaimed on May 30, 2019. (Id.) The first-class mail package was not returned to the Government's office. (Id.) On May 13, 2019, Kurtis Miller, Jr. contacted the Government's office, confirmed receipt of the documents, and said he does not know anything about the defendant currency. (ECF No. 12-1 at ¶ 4.) The U.S. Marshals Service served real party in interest Kurtis Miller, Jr. with the verified complaint and notice of complaint on May 20, 2019 by leaving it with his brother at his last known address. (ECF No. 7.)

On May 1, 2019, copies of the complaint and related documents were sent by first-class and certified mail to Kurtis Miller, Sr. to his last known addresses in Midway, Florida and Tallahassee, Florida. (ECF No. 12-1 at ¶¶ 6–7, Exs. C–D.) The certified mail envelopes were returned showing delivering on May 15, 2019 and May 6, 2019, respectively. (Id.) The U.S. Marshals Service served real party in interest Kurtis Miller, Sr. with the verified complaint and notice of complaint on May 24, 2019 by leaving it with his wife at his last known address. (ECF No. 8.)

To date, the deadline for filing a claim passed with no claim or answer being filed by, or on behalf of, Kurtis Miller, Jr. or Kurtis Miller, Sr., as required by Rule G(5) of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions, to contest this action. (ECF No. 12-1 at ¶ 9.)

On July 29, 2019, at the Government's request, the Clerk of Court entered default as to Kurtis Miller, Jr. and Kurtis Miller, Sr., pursuant to Fed. R. Civ. P. 55(a). (ECF No. 11.)

### III. Legal Standard

"The Due Process Clause of the Fifth Amendment guarantees that '[n]o person shall . . . be deprived of life, liberty, or property, without due process of law.' Our precedents

3

establish the general rule that individuals must receive notice and an opportunity to be heard before the Government deprives them of property." United States v. James Daniel Good Real Prop., 510 U.S. 43, 48 (1993) (citations omitted). Due process is satisfied when the Government complies with the notice requirements set forth by statute and in the federal and local rules of procedure.

Civil forfeitures of real property are governed generally by 18 U.S.C. § 985. Forfeiture actions in rem arising from a federal statute are governed by the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule" or "Supp. Rule"). United States v. Real Prop., 135 F.3d 1312, 1315 (9th Cir. 1998); see also Supp. Rule A(1)(B), and Supp. Rule G (setting forth specific procedural and notice requirements). These rules are reflected in the Local Admiralty and In Rem Rules for the U.S. District Court for the Eastern District of California ("Local Rule"), which govern all in rem proceedings filed in this court. See Local Rule 500. Local Rule 540 sets forth the procedures for obtaining default judgment in an action in rem.

## IV. Analysis

Local Rule 540(d) provides for an ex parte hearing and entry of default judgment, without further notice, at any time after the time for answer has expired, provided due notice of the action has been given and no one has appeared to claim the property and give security thereof. The Government has demonstrated compliance with these requirements.

### A. Notice

Supplemental Rule G(4) requires the Government to provide both general notice to the public and direct notice of the forfeiture action to any known person who reasonably appears to be a potential claimant. Fed. R. Civ. P. Supp. G(4)(a), (b).

#### 1. Published Notice

Rule G(4)(a)(ii) provides that "a published notice must: (A) describe the property with reasonable particularity; (B) state the times under Rule G(5) to file a claim and to answer; and (C) name the government attorney to be served with a claim and answer." Here, the Government published the required notice of the Government's Complaint on the official government internet

4

site (www.forfeiture.gov) for 30 consecutive days, beginning on May 2, 2019. (ECF No. 9 (Declaration of Publication).) The notice describes the amount of currency ($7,500.00), and location of its seizure (West Sacramento, California), and states that claims and answers under Rule G(5) must be brought within 60 days from the first day the notice is published. (Id.) The notice also names Kevin C. Khasigian as the government attorney to be served with the claim and answer. (Id.) Thus, the government has satisfied the requirements of Rule G(4)(a)(ii).

### 2. Notice to Claimants

Rule G(4)(b) sets forth the requirements for notice to known potential claimants. It provides that "[t]he government must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B)." Fed. R. Civ. P. Supp. G(4)(b)(i). The notice must state "(A) the date when the notice is sent; (B) a deadline for filing a claim, at least 35 days after the notice is sent; (C) that an answer or a motion under Rule 12 must be filed no later than 21 days after filing the claim; and (D) the name of the government attorney to be served with the claim and answer." Fed. R. Civ. P. Supp. G(4)(b)(ii).

Here, the government complied with this rule by sending notice of the action and a copy of the complaint to the potential claimants, Kurtis Miller, Jr. and Kurtis Miller, Sr., by first-class and certified mail on May 1, 2019. (ECF No. 12-1 at ¶¶ 3, 6–7, Exs. A, C–D.) The mailed notices included copies of the complaint and related documents. (Id. at Exs. A, C–D.) As to the sufficiency of the notices sent by the government, they indicate that the notices were sent on May 1, 2019, the notices provide a 35-day deadline for filing a claim and a 21-day deadline for submitting an answer or a motion under Rule 12, and the notices list McGregor W. Scott as the government attorney to be served with the claim and answer. (Id.)

Finally, Rule G(4)(b)(iii)(A) provides that "[t]he notice must be sent by means reasonably calculated to reach the potential claimant." Here, the certificates of service provide that the Government served the complaint for civil forfeiture and notice of this forfeiture action upon Kurtis Miller, Jr. and Kurtis Miller, Sr. by first-class mail and certified mail. (ECF No. 12-1 at Exs. A, C–D.) Both potential claimants were also served at their last known addresses via service

5

on persons of suitable age and discretion then residing at those addresses. (ECF Nos. 7–8.)

In sum, the government has adhered to the procedural rules governing civil forfeiture actions as required by federal statute, the Supplemental Rules for Certain Admiralty and Maritime Claims, and the Admiralty Local Rules. The court now turns to whether default judgment is warranted.

### B. Entry of Default Judgment is Proper

Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk is required to enter default when the fact of default is established by affidavit or otherwise. Fed. R. Civ. P. 55(a). The Clerk's entry of default against Kurtis Miller, Jr. and Kurtis Miller, Sr. effects their admission of the factual allegations of the complaint, except those relating to the amount of damages. Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied"); Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977).

The court finds that the well pleaded allegations of the verified complaint state a claim for which relief can be granted. Specifically, accepting as true the factual allegations of the verified complaint, the Government has demonstrated that defendant currency was used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of 21 U.S.C. §§ 841, et seq. (prohibiting the manufacturing, distributing, dispensing or possessing of a controlled or counterfeit substance), an offense punishable by more than one year's imprisonment, and therefore subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(7).

It remains within the sound discretion of the district court to grant a default judgment pursuant to Federal Rule of Civil Procedure 55(b). Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court must consider the following factors set forth in Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986):

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the

Federal Rules of Civil Procedure favoring decisions on the merits.

The Government seeks a final judgment of forfeiture against Kurtis Miller, Jr. and Kurtis Miller, Sr. as potential claimants of the defendant currency, and against all other potential interests. This is consistent with the nature of forfeiture in rem proceedings. See Hanson v. Denckla, 357 U.S. 235, 246 n.12 (1958) (explaining that "[a] judgment in rem affects the interests of all persons in designated property"). Application of the Eitel factors supports entry of default judgment.

First, the Government would be prejudiced by the denial of its motion, spending additional time and effort litigating an action in which the claimants have abandoned their claims to the defendant currency. Further, given that no party has attempted to oppose the complaint or otherwise make a claim against the defendant currency, if the Government's motion is not granted, it will have no other opportunity to establish its right to the currency.

Second, the Government's claim appears to have merit. See United States v. Currency, U.S. $42,500.00, 283 F.3d 977, 982–83 (9th Cir. 2002) (holding that an alert provided by a narcotics-detection canine is "an important factor in determining probable cause" and provides evidence of a link between seized money and controlled substances, and that wrapping a package in cellophane is commonly used to "stave off detection by trained drug dogs").

Third, as set forth above, the Government has adhered to the procedural requirements of a forfeiture action in rem, including the filing of a sufficiently verified complaint. Fourth, the defendant currency that was seized and subject to forfeiture is not of such substantial value as to warrant denial of the Government's motion. Fifth, the potential claimants were properly served with notice of this action and instructions on how and when to enter a claim. No claim or answer has been filed. On the record before this court, there is no evidence of a genuine dispute concerning the material facts. Sixth, there is no evidence that Kurtis Miller, Jr.'s or Kurtis Miller, Sr.'s abandonment was due to excusable neglect. Seventh and finally, although merits-based decisions are always preferred, Eitel, 782 F.2d at 1472, it is not practical here where the potential claimants have abandoned their claims.

Accordingly, there is no impediment to default judgment sought by the Government and the court will recommend that the motion be granted.

## V. Conclusion

In accordance with the foregoing findings, IT IS HEREBY RECOMMENDED that the Government's motion for default judgment (ECF No. 12) be GRANTED, thus extinguishing any right, title, or interest in defendant currency of potential claimants, including Kurtis Miller, Jr. and Kurtis Miller, Sr.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, the parties may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 20, 2019

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

15 USA738.default.f&r